IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTEGRATED HEALTH SERVICES, INC., | ) | Case No. 00-389 (MFW) |
| | ) | |
| Debtors. | ) | |
| ------------------------------------------------- | ) | |
| FSQ, INC., *f/k/a* FIVE STAR QUALITY CARE, INC., *et al.*, | ) ) ) | |
| | ) | |
| Appellants/Cross-Appellees, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-112 (GMS) |
| | ) | |
| INTEGRATED HEALTH SERVICES, INC., *et al.* | ) ) ) | (Consolidated Lead) |
| | ) | |
| | ) | |
| Appellees/Cross-Appellants. | ) | |

**BRIEF OF APPELLEES/CROSS-APPELLANTS IHS LIQUIDATING LLC IN SUPPORT OF ITS LIMITED RESPONSE TO THE MOTION OF APPELLANTS, CROSS-APPELLEES TO DISMISS CROSS-APPEAL**

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Joseph M. Barry (No. 4221)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jbarry@ycst.com

KAYE SCHOLER LLP
Arthur Steinberg
Ana M. Alfonso
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

Counsel for IHS Liquidating LLC

Counsel for IHS Liquidating LLC

## **TABLE OF CONTENTS**

I.  TABLE OF AUTHORITIES..................................................................................ii

II. INTRODUCTION.................................................................................................1

III. ARGUMENT .......................................................................................................3

        A.  As Long as the Limited Purpose of the Cross-Appeal
            is Accepted as a Matter of Law, the Liquidating LLC Does
            Not Oppose Dismissal of the Cross-Appeal .............................................3

IV. CONCLUSION....................................................................................................6

## **TABLE OF AUTHORITIES**

**CASES**

Colautti v. Franklin,
  439 U.S. 379 (1979) .................................................................................................... 3

Dalle Tezze v. Director, Office of Workers' Compensation Programs,
  814 F.2d 129 (3d Cir. 1987) ........................................................................................ 3

EF Operating Corporation v. American Buildings,
  993 F.2d 1046 (3d Cir. 1993) ...................................................................................... 3

Rite Aid, Inc. v. Houstoun,
  171 F.3d 842 (3d Cir. 1999) ..................................................................................... 3, 4

Schweiker v. Hogan,
  457 U.S. 569 (1982) .................................................................................................... 3

Scott v. University of Delaware,
  601 F.2d 76 (3d Cir. 1979) ...................................................................................... 1, 4

United States v. American Railway Express Co.,
  265 U.S. 425 (1924) .................................................................................................... 3

DB01:2402609.3                                                                                                            056309.1001

## **INTRODUCTION**

The Motion presents this Court with a somewhat unusual circumstance – FSQ seeks to dismiss a limited cross-appeal that was filed solely to preserve a right that FSQ does not dispute and is probably preserved under applicable law. Yet, despite the absence of any substantive disagreement between the parties on this issue, FSQ refuses to stipulate to a resolution, instead choosing to impose on the Court and the parties with needless and burdensome motion practice.

As noted in the Liquidating LLC's Notice of Cross-Appeal and Statement of Issues on Cross Appeal and set forth more fully below, doctrinal case law supports the view that an appellee need not file a cross-appeal if it wishes to argue that a judgment of the trial court may be affirmed on grounds other than those accepted by the trial court. However, given the number of times that appellate courts have been, and continue to be, presented with this issue, and in light of certain statements made by the United States Court of Appeals for the Third Circuit (the "Third Circuit") in *Scott v. University of Delaware*, 601 F.2d 76, 83 (3d Cir. 1979),[1] the Liquidating LLC determined it was prudent to file a limited Cross-Appeal rather than leave any doubt that the Liquidating LLC may advance arguments on appeal that were rejected or were not specifically addressed by the Bankruptcy Court.

Without consulting counsel to the Liquidating LLC in advance, and in the midst of the court-mandated mediation process, FSQ filed the Motion seeking dismissal of the Cross-Appeal. The Motion argues that the Cross-Appeal is procedurally improper and cites authority for the proposition that an appellee may seek affirmance on grounds

---

[1] Admittedly the Third Circuit's analysis in *Scott* has been criticized and questioned in recent years.

other than those adopted by the trial court. Counsel for FSQ has also verbally acknowledged that applicable case law permits the Liquidating LLC, as appellee, to seek affirmance on grounds rejected or ignored by the Bankruptcy Court. Inexplicably, FSQ refuses to stipulate to a resolution that would dismiss the Cross-Appeal while preserving the Liquidating LLC's apparently undisputed right to advance arguments on appeal. Unfortunately, FSQ's unwillingness to resolve this procedural dispute on a consensual basis has left the Liquidating LLC with no choice but to file this Answering Brief.

# ARGUMENT

A. As Long as the Limited Purpose of the Cross-Appeal is Accepted as a Matter of Law, the Liquidating LLC Does Not Oppose Dismissal of the Cross-Appeal

As noted in *EF Operating Corporation v. American Buildings* – a case cited by FSQ in the Motion – "[i]t is...well established that an appellee may, without taking a cross-appeal, support the judgment as entered through any matter appearing in the record, though his argument may attack the lower court's reasoning or bring forth a matter overlooked or ignored by the court." *EF Operating Corporation v. American Buildings*, 993 F.2d 1046, 1048 (3d Cir. 1993) *citing United States v. American Ry. Express Co.*, 265 U.S. 425 (1924); *Colautti v. Franklin*, 439 U.S. 379, n.16 (1979); *Schweiker v. Hogan*, 457 U.S. 569 n.24 (1982); *see also, Scott*, 601 F.2d at 83 n.12 ("[I]t is...settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.") *quoting American Ry. Express Co.*, 265 U.S. at 435; *Dalle Tezze v. Director, Office of Workers' Compensation Programs*, 814 F.2d 129, 133 (3d Cir. 1987) ("so long as the appellee's contention provides an alternate avenue to a prior favorable judgment, the appellate tribunal should consider the contention; it is quite irrelevant that the avenue might wind its way through an inferior tribunal before reaching the desired destination."). In fact, in *Rite Aid, Inc. v. Houstoun*, the Third Circuit Court of Appeals dismissed a cross-appeal because the cross-appellants were not "seeking additional relief..." but "[r]ather, they advance[d] the issue as an alternate ground to affirm the summary judgment..." and, therefore, the cross-appeal was not necessary for the Circuit Court to

review the merits of that issue. *Rite Aid, Inc. v. Houstoun*, 171 F.3d 842, 853 (3d Cir. 1999) (citations omitted).

In reviewing the need for the cross-appeal however, the Liquidating LLC was given pause by statements made by the Third Circuit in *Scott v. University of Delaware*, 601 F.2d at 83. In *Scott*, as noted in its concurring opinion, 601 F.2d at 90, the Court appeared to assume that ordinarily it would decline to consider an aspect of a court's ruling that had not been raised by cross-appeal, and proceeded to assert that in the case before it that "rule of practice" ought to be overlooked for equitable reasons. *Id.* As pointed out by FSQ in the Motion, this analysis has been questioned and criticized, and its precedential weight is certainly debatable. Nevertheless, the Liquidating LLC would have been imprudent to leave the issue open and risk opposition by FSQ when its remedy was the simple filing of a notice of cross-appeal.

In sum, with the exception of *Scott*, it is well-settled that an appellee may contest the reasoning of the trial court without contesting its ultimate conclusion, and, in order to do so, need not file a cross-appeal. This is precisely the issue presented by the Motion.

Of the numerous bases for awarding summary judgment advanced by the Liquidating LLC, the Bankruptcy Court granted summary judgment in the Opinion as to only one of them. To be sure, the Bankruptcy Court reached the conclusion urged by the Liquidating LLC – summary judgment in its favor – but disagreed with certain of the other grounds advanced by the Liquidating LLC. The Liquidating LLC intends to argue on appeal that even though the Bankruptcy Court reached the correct conclusion, it had numerous reasons, as opposed to just one, to reach that conclusion. By filing the Cross-

4

Appeal, the Liquidating LLC sought to ensure that its right to advance those arguments is not waived or impaired in any way.[2] Based on the case law cited by FSQ in its Motion (such as the *EF Operating Corporation* case cited above) as well as conversations with FSQ's counsel subsequent to the filing of the Motion, it appears that FSQ does not disagree that the Liquidating LLC can raise the aforementioned arguments on appeal. Therefore, on that basis, the Liquidating LLC does not opposed dismissal of the Cross-Appeal, provided, of course, that its rights to advance arguments of the like referenced above is not impaired in any way.[3]

---

[2] The filing of the Cross-Appeal was not an attempt to subvert this Court's standard briefing schedule. In this regard, the Liquidating LLC informed FSQ that it would forgo the right to file the last brief.

[3] Since FSQ apparently agrees with the Liquidating LLC's position in this regard, the Liquidating LLC offered to consensually resolve the Motion and unburden the Court with the necessity of a ruling thereon. Despite the apparent uncontested nature of this dispute, however, FSQ refused to negotiate any type of resolution.

## CONCLUSION

Based on the foregoing, the Liquidating LLC does not oppose dismissal of the Cross-Appeal, provided that such dismissal is without prejudice to the Liquidating LLC's right to argue that alternative grounds for affirmance of the Opinion and Order exist.

Dated: Wilmington, Delaware
       June 8, 2007

                        YOUNG CONAWAY STARGATT & TAYLOR, LLP

                        /s/ Robert S. Brady
                        Robert S. Brady (No. 2847)
                        Edmon L. Morton (No. 3856)
                        Joseph M. Barry (No. 4221)
                        Kenneth J. Enos (No. 4544)
                        The Brandywine Building
                        1000 West Street, 17th Floor
                        Wilmington, DE 19801
                        (302) 571-6600

                        -and-

                        KAYE SCHOLER LLP
                        Arthur Steinberg
                        Ana M. Alfonso
                        425 Park Avenue
                        New York, NY 10022-3598
                        (212) 836-8000

                        Counsel for IHS Liquidating LLC