IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE:  Integrated Health Services, Inc., *et al.* | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 00-389 (MFW) |
| | ) | Adv. Proc. No. 02-5193 (MFW) |
| | ) | |
| INTEGRATED HEALTH SERVICES INC., *et al.*, | ) | |
| | ) | |
| Cross-Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-112 (GMS) |
| | ) | |
| FSQ, INC. f/k/a Five Star Quality Care Inc., *et al.*, | ) | |
| | ) | |
| Cross-Appellees. | ) | |
| | ) | Related to Docket No. 7, 8 and 9 |
| | ) | |

**APPELLANTS, CROSS-APPELLEES' REPLY TO
APPELLEE'S/CROSS APPELLANT'S
RESPONSE TO MOTION TO DISMISS CROSS-APPEAL**

FSQ, Inc., *et al.* (collectively "Appellants") reply to the Response of Appellee's/Cross Appellant's IHS Liquidating LLC ("Appellee") Limited Response to the Motion of Appellants/Cross-Appellees to Dismiss Cross-Appeal (the "Response"), filed with the Court on June 8, 2007, stating as follows:

1. On or about May 24, 2007, Appellants filed with the Court its Motion of Appellants to Dismiss Cross-Appeal (the "Motion to Dismiss").[1] In the Motion to Dismiss, Appellants seek dismissal of the Appellee's cross-appeal because the Appellee lacks standing to file a cross-appeal, having not been aggrieved in any manner by the Order. In order to avoid

---

[1] To the extent otherwise undefined herein, all capitalized terms shall have the meaning ascribed in the Motion to Dismiss.

arguments that the Motion to Dismiss was untimely, Appellants filed the Motion to Dismiss early in the case. Other than the appointment of a mediator, no other steps have been undertaken toward commencing mediation.

2. There is one question before the Court: Does the Appellee have a right to cross-appeal? In its Response, the Appellee concedes that it has no right to cross-appeal. Nonetheless, Appellee asserts it has some other right that it wants to protect, and that in order to advance this ulterior motive Appellee filed the wrongful cross-appeal.

3. The Appellee asks the Court to prospectively rule on whether, hypothetically, it would be allowed to make (unspecified) arguments in this case should it choose to do so in the future. The Appellee even seeks to bargain with the Court, suggesting that if the Court will issue the advisory ruling providing it with prospective relief to make certain unspecified arguments, then Appellee will refrain from objecting to the dismissal of what Appellee now admits was a wrongfully filed cross-appeal.

4. Understandably the Appellee is concerned that this Court will rule in favor of the Appellants thereby reversing the Order and Appellee seeks unfettered latitude to assert arguments in support of is position which were not adopted by the Court below. In the Opinion, the Bankruptcy Court ruled on the three arguments made by Appellee, ruling against it on two of the arguments. On the third argument, the Bankruptcy Court ruled in Appellee's favor. However, as this Court will learn upon a review of the Opinion, the Bankruptcy Court's ruling was based on a misreading of certain critical, defined terms in the operative agreements between the parties.

5. Appellee seeks a ruling that may allow it some future rights on matters not presently before the Court and therefore not ripe or justiciable. The Court's authority is limited

to ruling on actual controversies. At such future date that Appellee may make its arguments, there may or may not be a controversy that will require a ruling by the Court as to whether such arguments have been preserved by Appellee. Until such time as there are actual arguments before the Court, the ruling Appellee seeks is advisory in nature and should not be considered by the Court.

6. The requested ruling would run counter to Article III jurisprudence, which prohibits federal courts from issuing advisory opinions. See Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 410 (3d Cir. 1992). Advisory opinions are forbidden in order to prohibit courts from issuing premature rulings and from involving themselves in abstract disagreements. The ruling sought by the Appellee is premature as it is unrelated to any present controversy. Until the Appellee determines what, if any, arguments it will make and the Appellants responds, any disagreement is abstract.

7. In a related vein, a federal court is also prohibited from ruling on hypothetical controversies that are not actually before it. Taylor v. Peoples Natural Gas Co., 49 F.3d 982 (3d Cir. 1995) citing Finley v. Hampton, 473 F.2d 180, 189 (D.C. Cir. 1972) (emphasizing that courts do not decide hypothetical controversies). "This proposition is a corollary to the rule that federal courts are not to render advisory opinions, but rather are to decide specific issues for parties with real disputes." Taylor, 49 F.3d 982 citing Korioth v. Briscoe, 523 F.2d 1271, 1275 (5th Cir. 1975); United States v. Leon, 468 U.S. 897, 963, 104 Ct. 3430, 3447, 82 L.Ed.2d 677 (1984).

8. Appellee concedes that its right to file a cross-appeal in reliance upon the Scott decision is in "doubt" under Third Circuit law. Appellee further concedes that, as Appellants has argued, Scott is widely criticized in the Third Circuit. Appellee's wrongful cross-appeal, in

combination with its request for an advisory opinion, creates precisely the type of "abstract disagreement" that federal courts were never meant to adjudicate. Put simply, the cross-appeal was filed without basis and no hypothetical dispute over whether certain not-yet identified arguments were preserved for appeal will change this undisputed fact.

9. In discussions between counsel (the contents of which Appellee has misquoted in its Response), Appellants proposed to Appellee a stipulation that provided for the dismissal of the wrongfully filed cross-appeal while preserving the rights that the Appellee had absent the filing of the cross-appeal. Despite the full preservation of rights that Appellants proposed, Appellee has conditioned consensual dismissal of the wrongfully filed cross-appeal upon a ruling that it will have rights in the future to make hypothetical arguments that it may or may not choose to make and which are not as yet part of the record before this Court. As such, the Appellee seeks to extract concessions from Appellants and an advisory opinion from this Court to dismiss a cross-appeal that was improperly filed.

**WHEREFORE**, Appellants respectfully requests that the Court grant the Motion to Dismiss and provide such other and further relief as may be appropriate.

Respectfully submitted,

**FSQ, INC,**
*f/k/a* **FIVE STAR QUALITY CARE, INC.**
**Five Star Quality Care-Colorado, LLC,**
*f/k/a* **SHOPCO-Colorado, LLC**
**Five Star Quality Care-GA, LLC**
*f/k/a* **SHOPCO-GA, LLC,**
**Five Star Quality Care-IA, LLC,**
*f/k/a/* **SHOPCO-IA, LLC,**
**Five Star Quality Care-IA, Inc.,**
*f/k/a* **SNH-Iowa, Inc.**
**Five Star Quality Care-MI, LLC,**
*f/k/a* **SHOPCO-MI, LLC,**
**Five Star Quality Care-NE, LLC,**
*f/k/a* **SHOPCO-NE, LLC,**
**Five Star Quality Care-NE, Inc.,**
*f/k/a* **SNH-Nebraska, Inc.**

By their attorneys,

/s/ Mark Minuti

Mark Minuti (No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6840

-and-

Gayle P. Ehrlich
Jeffrey E. Francis
**SULLIVAN & WORCESTER LLP**
One Post Office Square
Boston, MA 02109
(617) 338-2800

Dated: June 15, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: Integrated Health Services, Inc., *et al.* | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 00-389 (MFW) |
| | ) | Adv. Proc. No. 02-5193 (MFW) |
| | ) | |
| INTEGRATED HEALTH SERVICES INC., *et al.*, | ) | |
| | ) | |
| Cross-Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-112 (GMS) |
| | ) | |
| FSQ, INC. f/k/a Five Star Quality Care Inc., *et al.*, | ) | |
| | ) | |
| Cross-Appellees. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Mark Minuti, Esquire, hereby certify that on June 15, 2007 I caused a copy of the foregoing **Appellants, Cross-Appellees' Reply to Appellee's/Cross Appellant's Response to Motion to Dismiss Cross-Appeal** to be served on the parties on the attached service list in the manner indicated.

Mark Minuti (No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P. O. Box 1266
Wilmington, DE 19899
(302) 421-6800

548930.2 6/15/07

FSQ, INC. v. INTEGRATED HEALTH SERVICES, INC.
Service List

**Via Hand Delivery:**
Robert S. Brady, Esquire
Edmon L. Morton, Esquire
Joseph M. Barry, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

**Via U.S. Mail:**
Michael J. Crames, Esquire
Arthur Steinberg, Esquire
Marc D. Rosenberg, Esquire
Ana Alfonso, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Jeannine Lesperance, Esquire
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20004